```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

**JOHN HENRY IVORY,**               :

    **Petitioner,**              :

vs.                                 :     CIVIL ACTION 07-00068-WS-B

**WARDEN JERRY FERRELL,** *et al.*, :

    **Respondents.**             :


## REPORT AND RECOMMENDATION

John Henry Ivory, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corrections, 377 F.3d 1317 (11th Cir. 2004). It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondents and against Petitioner John Henry Ivory on all claims.

### I. FINDINGS OF FACT

On November 7, 1983, Ivory pleaded guilty to second degree escape in the Dallas County Circuit Court and was sentenced to 40 years imprisonment as a habitual felony offender. (Docs. 1, 6).

Ivory did not appeal his conviction and sentence. (Id.)

At some point thereafter, Ivory filed a petition for Writ of Error Coram Nobis with the trial court. (Docs. 1, 6). Ivory's petition was denied on December 19, 1985, and the Alabama Court of Criminal Appeals affirmed, by unpublished memorandum, the trial court's decision on June 24, 1986. See (Doc. 6, Ex. B). Over seventeen years later, on January 8, 2003, Ivory filed a petition under Rule 32 of the Alabama Rules of Criminal Procedure challenging his conviction. His petition was summarily denied on February 10, 2003. See (id.) On June 13, 2003, the Alabama Court of Criminal Appeals affirmed, by memorandum opinion, the trial court's summary denial of Ivory's Rule 32 petition. (Id.) Ivory filed yet another Rule 32 petition on October 8, 2004. This petition was also denied by the circuit court. On appeal, the Alabama Court of Criminal Appeals affirmed the denial of Ivory's second Rule 32 petition.[1] (Doc. 6, Ex. C). On November 27, 2005, Ivory filed a third Rule 32 petition - his fourth petition seeking post-conviction relief. See (Doc. 6, Ex. D; Ex. F, p. 18). In this last Rule 32 petition, Ivory alleged:

> [T]he trial court lacked jurisdiction to accept his guilty plea and that his sentence exceeded the maximum authorized by law because, he said, the trial court failed to adhere to a plea agreement regarding his

---

[1] The record does not reflect, and Ivory does not allege, that he sought a rehearing or that he filed a petition seeking certiorari before the Alabama Supreme Court for any of the above-mentioned petitions for state post-conviction relief.

> sentence. Specifically, he argued that he entered into an agreement with the trial court (not the State) whereby the court sentenced him to 40 years' imprisonment, to run concurrent with a 20-year sentence he was already serving for another conviction, but promised him that his time in prison "would not exceed beyond three years and four months after the petitioner's sentence of 20 years expired." Ivory maintained that he has now been kept in prison beyond the time the trial court intended for him to be incarcerated and that "had not the trial court misinformed him of the maximum sentencing range that he would face ... he would not have otherwise plead[ed] guilty to the charge.

(Id.) Ivory's third Rule 32 petition was denied, and on June 16, 2006, the Alabama Court of Criminal Appeals affirmed the denial. (Id.) That Court also entered a final Certificate of Judgment on September 15, 2006. (Doc. 6, Ex. E).[2]

On January 24, 2007, Ivory filed the instant petition seeking habeas relief in this Court. (Doc. 1).[3] In his petition before this Court, Ivory alleges that 1) his guilty plea was entered into

---

[2] It appears that in challenging the denial of his fourth petition for state post-conviction relief, Ivory sought a rehearing in the Alabama Court of Criminal Appeals, see Ivory v. State, 988 So. 2d 1079 (Ala. Crim. App. July 7, 2006), and unsuccessfully petitioned for certiorari review in the Alabama Supreme Court, see Ex parte Ivory, 992 So. 2d 808 (Ala. Sept. 15, 2006).

[3] Although Ivory's petition was filed with this Court on January 29, 2007, a pro se inmate's habeas petition is deemed filed on the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 271-272, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). "Absent evidence to the contrary in the form of prison logs or other records, [this court] will assume that [the petitioner's] motion was delivered to prison authorities the day he signed it ...." Washington v. United States, 243 F.3d 1299 (11th Cir. 2001). Accordingly, because Ivory executed his petition on January 24, 2007, the Court considers that date as the date of filing.

involuntarily because the trial judge incorrectly informed him that he would only have to serve three years and four months in excess of the twenty year sentence that he was then serving; 2) he was denied effective assistance of counsel when his counsel failed to act upon discovering that the terms of the plea agreement were allegedly violated; and 3) the trial court lacked jurisdiction to render judgment or impose sentence. (Doc. 1).  Respondents filed an Answer alleging that Ivory's petition should be dismissed as time-barred. (Doc. 6).  For the reasons set forth herein, the undersigned recommends that Ivory's habeas petition be dismissed as barred by the statute of limitations.

## II. CONCLUSIONS OF LAW

Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners.  Henderson v. Campbell, 353 F.3d 880, 889 (11th Cir. 2003).  Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective April 24, 1996.  Id. at 890.  Since Ivory filed his petition after that date, this case is governed by AEDPA.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended, a one-year limitation period applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment.

The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgement of a State court.  The limitations period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Dep't of Corrs., 297 F.3d 1278, 1283 (11th Cir. 2003); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000).  In other words, AEDPA's one-year statute of limitation expires on April 23, 1997, for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date.

    In the instant action, the parties agree that if Ivory's petition is governed by the statutory provision set forth in

subsection (A)[4], it is untimely. Because Ivory did not directly appeal his conviction or sentence, his conviction became final when the 42 day period to appeal provided for by Ala.R.App.P. 4(b)(1) expired, that is, on December 19, 1983.[5] Because Ivory's conviction became final prior to enactment of the AEDPA, his petition for habeas corpus relief should have been filed no later than April 23, 1997. However, Ivory's habeas corpus petition was not filed in this Court until January 24, 2007, more than nine (9) years after the statutory deadline had expired. Thus, under subsection (A), unless Ivory can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). The record reveals that on April 24, 1996, Ivory had no applications for state post-conviction review pending, nor did he file any such applications during the year that followed. Ivory's first application for state post-conviction

---

[4]Under this subsection, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."

[5]"In a criminal case, [Alabama law provides that] a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)." Ala.R.App.P. 4(b)(1).

relief, a petition for Writ of Error Coram Nobis, was denied by the trial court[6], and the denial was affirmed by the appellate court on June 24, 1986. Given that this initial proceeding concluded well *before* the AEDPA one-year statute of limitations began to run on April 24, 1996, Ivory's petition for Writ of Error Coram Nobis was not pending during the limitations period and, therefore, could not have tolled the limitations period.

    Moreover, although Ivory subsequently filed three Rule 32 petitions, these petitions were not pending during the running of the limitation period as they were not filed until January 8, 2003, October 8, 2004, and November 27, 2005, respectively, which dates are *well after* the AEDPA limitation period had expired.  "[E]ven 'properly filed' state court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction

---

[6]The date Ivory filed his Error Coram Nobis petition is not clear from the record.

relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted).  Consequently, none of Ivory's applications for state post-conviction relief tolled the habeas limitations period; thus, under subsection (A), his federal habeas petition was untimely filed.

Ivory appears to argue that his petition should be considered under the statutory provision set forth in subsection (D)[7], as opposed to subsection (A). (Doc. 1). In support of his position, Ivory states "the one (1) years [sic] statute of limitations does not fully apply in this case because, ... his imposed sentence by the trial court which was based upon the guilty plea for a term certain, did not actually become violated until November of 200[6] which was the month and year whereby the three years and four month speacial [sic] plea agreement and sentence expired that was imposed by the trial court." (Id. at 12). Further, Ivory alleges that "he had no standing [to] challenge the plea agreement until the said plea was violated by the State." (Id.) In other words, Ivory is arguing that he did not discover the legal underpinnings of his claim related to the violation of the plea agreement until November 2006 when officials failed to release him in accordance with the

---

[7]Under this discovery subsection, a state prisoner has one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence" to seek habeas relief.

plea agreement.

Ivory's contention is without merit. Under §2244(d)(1)(D), the time commences when the factual predicate "could have been discovered through the exercise of due diligence", not when it was actually discovered by a given prisoner. Owens v. Boyd, 235 F.3d 356, (7th Cir. 2000).   See also Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002)(under subsection (D) time "begins to run when the facts *could have been* discovered through the exercise of due diligence, not when they were *actually* discovered.")(italics in original)(in context of § 2255 action).

Assuming arguendo that subsection (D) applies to Ivory's petition, the factual predicate of Ivory's claim, that the plea agreement was violated and he would not be released in November 2006, was obviously known to him before November 27, 2005.  This is due to the fact that in Ivory's third Rule 32 petition, filed on November 27, 2005, he argued that the plea agreement had been violated and that he was being incarcerated longer than the trial judge intended.  Thus, while it is not clear exactly when Ivory discovered that the alleged plea agreement had been violated, it is evident that when he filed his third Rule 32 petition on November 27, 2005, he was aware that the plea agreement had been breached, and that he was not being released in accordance with the alleged plea agreement.

It is also noteworthy that even if November 25, 2005 is used

as the triggering date for purposes of the statute of limitations, Ivory's petition would still be deemed untimely[8]. Assuming arguendo that the statute of limitations commenced on November 25, 2005, Ivory had 365 days from that date, or until November 27, 2006 in which to file his federal habeas petition in the absence of a properly filed state post-conviction application or motion for other collateral review. In re Hill, 437 F. 3d at 1083. As noted supra, Ivory filed his third Rule 32 petition on November 27, 2005; however, that petition was dismissed because it was not timely filed pursuant to Alabama's Rules of Criminal Procedure. Thus, no properly filed application was pending during the year in which Ivory would have had to file his federal habeas petition.

Before recommending dismissal of Ivory's petition for habeas relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of

---

[8]While Ivory asserts that he did not having standing and could not have challenged the violation of the plea agreement earlier, he has not demonstrated that he exercised due diligence in discovering the alleged plea violation. The record reflects that the sentencing judge, when explaining to Ivory the amount of time he would have to serve under his 40 year sentence, instructed him to check with the Board of Corrections in case the judge "figured [Ivory's sentence] wrong. (Doc. 6, Ex. F, p. 29). Ivory does not allege, must let offer any facts to demonstrate, that he ever complied or attempted to comply with the court's directive.

> extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dep't Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dep't of Corrs., 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dep't of Corrs., 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corrs., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Ivory is not entitled to the equitable tolling of the limitations period. To the extent the petition could be construed as asserting newly discovered evidence, for the reasons

set forth above, this contention is without merit. As noted, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed, 219 F.3d at 1300. The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew, 297 F.3d at 1286. Ivory has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. He has also failed to allege, let alone offer, any evidence that suggests he is actually innocent of the offense for which he was convicted.

Where Respondents have asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of § 2244's one year statute of limitations, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Ivory has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred.

### III. CONCLUSION

For the reasons set forth above, it is the opinion of the

undersigned Magistrate Judge that Ivory's petition for habeas corpus relief be **DENIED**.  It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **10th** day of **June, 2009.**


                                      /S/ SONJA F. BIVINS
                             **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are

adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                              **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**